(No. 6673▐▐▐▐▐▐)

SOLOMON DAWSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 22, 1973.*

JEROME KAPLAN and ARTHUR S. GOLD, Attorneys for Claimant.

WILLIAM J. SCOTT, Attorney General, for Respondent.

HOLDERMAN, J.

This cause coming on to be heard on the motion of respondent to dismiss, and the Court being fully advised in the premises, FINDS:

That a Complaint was filed on behalf of Solomon Dawson on April 28, 1972.

Count I of said complaint sets forth the fact that the claimant was found guilty of possession of marijuana on January 11, 1966, and was sentenced to 7 to 20 years imprisonment. There is some discrepancy between the State's position and that of the claimant as to whether the offense was for the sale or possession of marijuana and also as to the length of time of the sentence.

The statute under which the claimant was convicted was found unconstitutional in the case of *People* vs. *McCabe*, 49 Ill. 2d 338 (1971) and on January 4, 1972, the claimant was released on a writ of habeas corpus and has brought this action.

Count I seeks to recover for wrongful imprisonment and asks damages in the amount of $30,000.00.

Count II of said complaint asks for an award of $25,000.00, alleging that while he was wrongfully

imprisoned, he was abused both mentally and physically, which resulted in both temporary and permanent injuries to the claimant.

The State filed a motion to dismiss both counts. The grounds for dismissal on Count I are that the claimant was found guilty of an illegal act at the time he was tried and the fact that the Supreme Court later found the statute under which he was convicted unconstitutional does not entitle him to a recovery.

The State seeks dismissal of Count II on the grounds that proper notice was not filed as required by Chap. 37, Sec. 439.22-1, Ill.Rev.Stat., and sets forth that some of the acts of abuse were allegedly committed as long as fifty-one months before any effort to notify the State was made.

This cause was argued orally before the Court of Claims with counsel for both sides presenting their arguments in an unusually competent manner.

The claimant's theory is that the law under which Solomon Dawson was convicted having been found unconstitutional, he was consequently never guilty of a crime and, therefore, should automatically be entitled to compensation for unlawful imprisonment. They assert that said decision is retroactive to the time of conviction and presented a fine Brief in support of their contention.

The State takes the position that "all claims against the State for time unjustly served in prisons in this State where the persons in prison prove they are innocent of the crime for which they were imprisoned" are the only cases in which compensation can be awarded.

This Court in the past has always taken the position that a claimant, to recover under the statute in which this proceeding was filed, must prove that the time he served in prison was unjust and that he was innocent of the crime for

which he was imprisoned. *Jonnia Dirkans* vs. *State of Illinois*, 25 C.C.R., 343.

The Illinois Legislature in 1971, which was six years subsequent to the defendant's conviction and before the McCabe decision, enacted the Cannabis Control Act, H.B. 788. This statute's effective date was August 16, 1971. It provided for a substantially reduced penalty for the possession and sale of marijuana.

Section 18 of that Act also provides:

"Prosecution for any violation of law occurring prior to the effective date of this Act is not affected or abated by this Act. If the offense being prosecuted would be a violation of this Act, and has not reached the sentencing stage or a final adjudication, then for the purposes of penalty, the penalties under this Act apply if they are less than under the prior law upon which prosecution was commenced."

The theory of retroactivity advanced by the claimant would open up an entirely new concept where the unconstitutionality of statutes is involved. The potentialities of such a theory are multifold.

This theory, followed to its logical conclusion, would allow every individual who had been convicted of a crime under a statute later ruled unconstitutional by the Supreme Court to sustain an action for recovery of damages from the State for illegal incarceration.

Included in this list could be estates of individuals who were executed while the death penalty was still the law of the State, to those convicted under obscenity laws, abortion laws, pornographic laws, local option laws, and a multitude of other criminal statutes that have been changed.

Every change in the penalty provision, such as in the present case, would also allow recovery by the individual. This would result in a flood of claims brought about by any change in punishment either by action of the Legislature or by the Courts, a change in personnel in the Courts, or a change in the mores of society.

The victims under this theory would not be the alleged criminals but society and the individual taxpayers who would have to assume this new and additional burden.

To advance this theory one step further, if the State and society have a responsibility to the freed individual because of a change in penalty under the laws or the finding of the laws to be unconstitutional, then does not the following automatically take place—if, by a motion for re-hearing or at a subsequent date, another Supreme Court ruling reverses the finding of the unconstitutionality of the statute in question and restores the penalty, do not the following events logically follow:

1. The person who was liberated under the finding of unconstitutionality be compelled to return to the penal institution to serve out the balance of his sentence, and;

2. The person who has secured an award or payment for illegal incarceration as a result of the first finding on unconstitutionality have to return, with interest, the amount received.

If the theory of retroactivity is to be applied for the benefit of the accused, it would seem necessarily to follow that the State and the individual members of society, the taxpayers, would be entitled to the same measure of protection.

This Court has consistently held that for a former prisoner to recover for illegal imprisonment, the applicant must prove he was innocent of the fact of the crime and that he was illegally incarcerated.

It is well to note here that in the McCabe decision, the guilt or innocence of the individual before the bar was not discussed, and the same situation applies in the present case. There is not any denial of the fact of the crime for which the applicant was originally convicted and for which he was sentenced, nor is there any question but that the law under which he was sentenced was valid at the time of his trial.

Findings of the Court in such matters as the present one are clearly set forth in the case of *Munroe* vs. *State*, 25 C.C.R. 286, 290, which says:

"It is the belief of this Court that the legislature intended only to provide a manner of recourse in the Court of Claims with the amount of recovery specified, for those who have been imprisoned for an act which they did not commit. The legislature did not intend to establish a means of recourse for an individual who in fact, committed a criminal act but an act for which he could not be held criminally responsible."

This principle is reaffirmed in Volume 25, Page 343 which is the case of Jonnia Dirkans where the Court again stated that before an award can be made for wrongful incarceration "claimant must prove by a preponderance of the evidence (1) that the time served in prison was unjust, (2) that the act for which he was wrongfully imprisoned was not committed, and (3) the amount of damages to which he is entitled."

The Courts have held that a statute found unconstitutional is an operative fact at least until it is declared invalid. *Chicot County* vs. *Baxter State Bank*, 308 U.S. 371 (1939).

It is the opinion of this Court that the claimant has not produced the proof required to enable him to recover under the statute involved. He has not established his innocence of the fact of the crime for which he was convicted nor has he proved that his incarceration was illegal.

In Count II, which was for damages sustained by the claimant while incarcerated, the State moved to dismiss because the notice was not filed within the required six month period.

The State, as further grounds for dismissal, stated that the notice was vague and ambiguous.

The claimant's notice did not contain any information concerning the specific dates or years as to his alleged

injuries, and as to the place and location, it merely referred to two different penitentiaries.

The claimant in response to the arguments of the respondent stated that under the circumstances the notice he gave was sufficient. He cited cases dealing with notice and requirements by a minor and particularly the case of *Robert* vs. *State*, 24 I.C.C.R., Page 120 (1961) which holds that a minor is relieved from the requirement of giving notice within the time specified.

The claimant's theory is that a convict who is incarcerated is in the same position as a minor or one who is mentally incompetent and that it would be impossible for him to file a notice and therefore should be given the same protection as either a minor or incompetent.

The objection by the State that the degree of specificity is insufficient as to places within the two penitentiaries is not necessary.

As to the dates, the claimant's argument is that his notice is sufficient because the abuse to which he was subjected occurred throughout the entire period of time he was incarcerated.

There is not any law cited by the claimant to sustain his proposition that individuals who are incarcerated are entitled to the same protection as regards notice as is given to minors and incompetents.

It is a fact that individuals who are incarcerated are not deprived of their legal remedies.

This case itself is a specific example because the claimant had filed on his behalf a Writ of Habeas Corpus while he was still incarcerated. Access to the Courts' legal procedures are constantly being used by inmates of various institutions and, therefore, we do not believe this argument is sufficient to overturn the laws already established as to

requirements for notice and also as to the details as to the time and place of the incidents on which this claim is based.

The respondent's motion for dismissal of Count I and Count II is hereby granted and said cause is hereby dismissed.